**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE CALLOWAY, IV,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 24-CV-2320** |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| **COLLEGE,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                    JUNE 27, 2024

Plaintiff Jesse Calloway, IV, brings this *pro se* civil action alleging violations of his civil rights, and seeks leave to proceed *in forma pauperis*.  For the reasons set forth, the Court will grant Calloway *in forma pauperis* status, and the case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Calloway will be given an opportunity to file an amended complaint.

I.     **FACTUAL ALLEGATIONS**[1]

In the caption of the Amended Complaint,[2] Calloway names as Defendants: Temple University College, Temple University Police, Richard M. Englert, Jennifer Griffin, Enoch

---

[1]     The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2]     Calloway filed an initial Complaint on May 30, 2024.  (*See* ECF No. 1.)  The caption identified the "Jesse Calloway IV Estate & Trust" as the Plaintiff, section I.A. of the form Complaint listed the Plaintiff as "Jesse Calloway IV," and the Complaint was signed by "JCIV Estate and trust."  (*See id.* at 1, 5.)  Calloway had neither paid the required filing fees nor submitted an application to proceed *in forma pauperis*.  By Order dated June 6, 2024, the Court directed Calloway to either pay the required fees or apply to proceed *in forma pauperis*.  (ECF No. 4.)  The Court further directed that, to the extent that a trust or an estate was a plaintiff in this case, such trust or estate must have licensed counsel enter an appearance on its behalf and must pay the $405 in fees.  (*Id.*)  On June 10, 2024, Calloway filed the Amended Complaint that is currently before the Court and clarified that neither a trust nor an estate is the Plaintiff in this matter.  (*See* ECF No. 5 at 6.)  He also submitted an application to proceed *in forma pauperis*.  (ECF No. 6.)

McCoy, Monica H. Padilla, P.O. Garrett, and P.O. Austin.  (*See* Am. Compl. at 1.)  Calloway alleges that his rights were violated during several interactions with Temple University police officers over the years.  Referring to himself in the plural, Calloway claims that on March 30, 2024, at approximately 10:00 p.m. at 11th Street between Berks and Montgomery Streets, "[a] Temple University Police Officer was driving down the street at 12 MPH for no reason.  We had to use the restroom really bad.  We attempted to go around the officer, but he moved over to prevent us from going around."  (*Id.* at 3.)  Calloway asserts that "[t]his is an ongoing issue with Temple Police since April 2009."  (*Id.*)  He claims that in 2009, "we had a officer put a gun to our head over a license plate being in our back window."  (*Id.*)  Calloway contends that this officer "was in her own personal vehicle with nothing indicating that she was an officer."  (*Id.*)  According to Calloway, he had just purchased the vehicle "as a graduation gift for ourselves from the auction and was on our way to grab some screws (for the plate)."  (*Id.*)  He claims that Temple University police "pulled their guns on us again for no reason at all" in September 2019.  (*Id.*)  As alleged, Temple University police "pulled our son['s] mom over and took our car illegally" in March or February 2020.  (*Id.*)  He also asserts that "the officer who put the gun to our head" also threatened in 2022 "to lock [him] up" because he chose not to speak to her.  (*Id.*)  As relief, Calloway seeks $500 million in damages.  (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court grants Calloway leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Calloway is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.   DISCUSSION

The Court understands Calloway to assert that his rights were violated at various times since 2009 by Temple University police officers. The Court will liberally construe the Amended Complaint as asserting constitutional claims brought pursuant to 42 U.S.C. § 1983. However, section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, municipal liability cannot be predicated on a *respondeat superior* basis, meaning that municipalities may not be held liable simply because their employees committed a constitutional violation. *Id.* at 691. Rather, "under § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original)).[3]

---

[3]         There are two ways for a § 1983 claim against a municipality to proceed: "[a] plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (internal quotations and citations omitted). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). "A plaintiff must also allege that the

Calloway's Amended Complaint, even when liberally construed, fails to state a plausible constitutional claim.  Calloway has not stated any basis for a claim against any of the individual Defendants.  As the Court noted above, in a § 1983 action the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode*, 845 F.2d at 1207.  Apart from listing several individuals in the caption, Calloway alleges no facts tying any named individual to the acts alleged in the Amended Complaint.  In other words, Calloway has not sufficiently explained what any individual did or did not do with respect to his alleged constitutional harms.  Furthermore, Calloway has not pled sufficient facts for the Court to determine whether the named individuals are state actors.[4] Accordingly, all claims against Defendants Richard M. Englert, Jennifer Griffin, Enoch McCoy, Monica H. Padilla, P.O. Garrett, and P.O. Austin will be dismissed.

Calloway also has failed to plead a plausible § 1983 claim against Temple University. Temple University has been held to be a state actor.  *See Krynicky v. University of Pittsburgh*, 742 F.2d 94,103 (3d Cir. 1984) (holding that University of Pittsburgh and Temple University are state actors based on their close relationship with the state government); *see also Moore v. Temple Univ.*, No.13-5079, 2014 WL 12775012, at *2 (E.D. Pa. Apr. 29, 2014) (holding that "Temple University, as well as those it employs, are sufficiently connected to the Commonwealth as to make them state actors within the meaning of section 1983" and collecting cases).  As noted earlier, liability arising

---

policy or custom was the 'proximate cause' of his injuries." *Estate of Roman*, 914 F.3d at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.*

[4]     The Court will not assume that a Defendant listed in the caption as a "P.O." - presumably a police officer - is a state actor since Calloway fails to allege anything about those individuals in the body of his Complaint.

from § 1983 violations cannot be imposed under the doctrine of *respondeat superior*. *See Monell*, 436 U.S. at 691. Thus, Calloway cannot assert liability against Temple University solely on the basis that it employs police officers. Moreover, Calloway has not alleged that Temple University had a policy or custom that caused a constitutional violation. Accordingly, any claim against Temple University is dismissed because it is not plausible.

Calloway also lists "Temple University Police" as a Defendant. (*See* Am. Compl. at 1, 2.) The Court construes the Amended Complaint as seeking to name individual Temple University police officers as Defendants. For the reasons discussed *supra*, any claims against such individuals are not plausible as pled. To the extent Calloway seeks to name as a Defendant the Temple University police department, as an entity, any claim against it is implausible. Following *Monell*, courts concluded that police departments are merely sub-units of local government and, as such, are merely vehicles through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Therefore, the Temple University Police as an entity is not a proper defendant in this case under § 1983 and will be dismissed with prejudice. *See Clinkscale v. Temple Univ.*, No. 19-1026, 2019 WL 4959406, at *2 n.4 (E.D. Pa. Oct. 7, 2019) (dismissing with prejudice any claim against Temple University Campus Police as an entity).

To the extent Calloway is raising claims based on any injuries suffered by the mother of his child, *see* Am. Compl. at 3, they must be dismissed because Calloway lacks standing to raise claims based on injuries to sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com,*

*Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)).[5]   Additionally, while Calloway may pursue his own claims as a self-represented litigant, he may not represent another in federal court because he is not an attorney.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

Furthermore, Calloway's allegations based on events that occurred prior to May 30, 2022, may be time-barred.  To the extent that Calloway seeks to raise claims pursuant to § 1983, the timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two years.  *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Thus, the limitations period applicable to Calloway's § 1983 claims is two years.  Calloway filed the initial Complaint on May 30, 2024.  Calloway should be

---

[5]     Federal Rule of Civil Procedure 12(h)(3) provides: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims.  *See Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

mindful of this limitation should he decide to take advantage of the Court's granting him leave to file a Second Amended Complaint.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Calloway's § 1983 claims against Temple University College, Richard M. Englert, Jennifer Griffin, Enoch McCoy, Monica H. Padilla, P.O. Garrett, and P.O. Austin without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Any claims against Temple University Police as an entity will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Calloway will be given leave to file a Second Amended Complaint, to the extent he can present a plausible claim against an appropriate defendant.  An Order follows, which provides further instruction as to amendment.


*NITZA I. QUIÑONES ALEJANDRO, J.*